**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-22-312-G** |
| | ) | |
| **GUSTAVO BARRIOS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Now before the Court is Defendant Gustavo Barrios' pro se Motion for Reduction of Sentence (Doc. No. 42), seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines ("USSG"). The United States Probation Office has submitted a Preliminary Report (Doc. No. 43), and the Government has filed a Response (Doc. No. 45), both recommending that the Motion be denied.

*I. Background*

On December 21, 2022, Defendant pled guilty to three criminal drug-related charges in violation of 21 U.S.C. §§ 841(a)(1) and 856(a)(1). *See* Doc. Nos. 11, 28.

At sentencing, the Court adopted the Final Presentence Investigation Report ("PSR," Doc. No. 37) without change. *See* Statement of Reasons (Doc. No. 41) at 1. In accordance with the PSR, the Court found that Defendant's criminal history category was I and the total offense level was 33. *See id.* These findings resulted in a Guidelines range

of 135 to 168 months' imprisonment. *See id.*; USSG ch. 5, pt. A.

The Court's Judgment of November 29, 2023, granted Defendant's unopposed request for a downward variance and sentenced Defendant to a term of 96 months' imprisonment on each count, to run concurrently, followed by a term of supervised release. *See* J. (Doc. No. 40) at 2-3; Statement of Reasons at 3, 4.

U.S.C. § 2.

*II. Standard of Review*

A federal court generally may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2), however, as Congress has authorized the reduction of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is

warranted in whole or in part under the particular circumstances of the case." *Id.*

*III. Discussion*

Defendant now seeks a reduction in his criminal sentence pursuant to Part B, Subpart 1 of Amendment 821 to the USSG. *See* Def.'s Mot. Reduction of Sentence at 1.[1] Part B, Subpart 1 ("Adjustment for Certain Zero-Point Offenders") applies to defendants with zero criminal history points in their Guidelines range calculation who meet ten specified criteria and works to reduce the guideline range for those defendants by two offense levels. *See* USSG § 4C1.1 (eff. Nov. 1, 2023).

Defendant is correct that he did not receive any criminal history points at sentencing. *See* PSR ¶¶ 36-37. Defendant fails to meet all ten of the additional USSG § 4C1.1 criteria, however. Specifically, a defendant is only eligible for a reduction if "the defendant did not possess . . . a firearm or other dangerous weapon . . . in connection with the offense." USSG § 4C1.1(a)(7). As noted by both the Government and the United States Probation Office, Defendant "had two firearms in [the] residence he was using to store and distribute controlled substances." PSR ¶ 24; *see also id.* ¶¶ 9, 17; Gov't's Resp. at 4-5; USPO Prelim. Report at 1-2.

Because the changes to the sentencing guideline calculations reflected in Amendment 821 do not "have the effect of lowering [Defendant's] applicable guideline range," "[a] reduction in [Defendant's] term of imprisonment is not consistent with [USSG

[1] Part B, Subpart 1 took effect on November 1, 2023, and applies retroactively. *See* USSG, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited Aug. 27, 2026); USSG § 1B1.10(d).

§ 1B1.10] and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." USSG § 1B1.10(a)(2)(B). Defendant is not eligible for a § 3582(c)(2) sentence reduction. *See id.*; 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 826.

CONCLUSION

Defendant's Motion for Reduction of Sentence (Doc. No. 42) therefore is DENIED.

IT IS SO ORDERED this 23rd day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge